IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BEVERLY JO JONES,             :
                              :
    Petitioner,               :
                              :
vs.                           :     CIVIL ACTION 11-0134-CG-M
                              :
FRANK ALBRIGHT,               :
                              :
    Respondent.               :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Frank Albright and against Petitioner Beverly Jo Jones pursuant to 28 U.S.C. § 2244(d). It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis.*

1

On August 23, 1996, Petitioner was civilly committed to the Alabama Department of Mental Health and Mental Retardation by the Etowah County Court for "trespassing on her own house that contained her own personal property and furniture;" Jones states in the petition that her release would be determined by the State Department (Doc. 1, p. 2; Doc. 28, Exhibit A, p. 11). Jones was released on November 7, 1996 when she was referred for continued treatment as an outpatient at a local mental health center (Doc. 28, Exhibit A, p. 13).

In her petition, Jones indicates that she appealed her commitment to the Etowah County Probate Court, the Etowah County Circuit Court, and the Morgan County Circuit Court with no appreciable results (Doc. 1, p. 3). Petitioner further states that she did not appeal any of these proceedings to the Alabama Supreme Court

> because every time since 12 May 1995 that I have tried to regain a working legal obligation from J. Jerry Pilgrim or when I petition courts in Mobile to engage him, he calls police or ably gets a court to imprison me for contact to him, so on 22 Jan 09, I tried to [United States District Court for the Southern District of Alabama] and Pilgrim got courts to jail me.

(Doc. 1, p. 4).[1]

Petitioner filed this action with the United States District Court for the Northern District of Alabama on April 15, 2009 (Doc. 1). The action was transferred to this Court on March 16, 2011 (Doc. 22). In her complaint, Jones raises the following claims: (1) She was denied the effective assistance of counsel; (2) her conviction was obtained to obstruct or mislead the Secret Service; (3) she was denied her first amendment right to inform the press of her previous case; and (4) her RICO rights have been violated (Doc. 1, p. 5; *cf.* Doc. 5, pp. 3-4).

Respondent has answered the petition, making several arguments as to why this action should be dismissed (Doc. 28). The first argument is that she is not in custody as required by the habeas corpus statute (Doc. 28, pp. 5-6). That statute specifically states that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody pursuant to the judgment of a State court only on the ground that he is in custody** in violation of the Constitution or

---

[1] Jones was convicted of stalking her former divorce attorney, Jerry Pilgrim, in 2003. Petitioner challenged that conviction in this Court in a § 2254 petition, but was unsuccessful. *See Jones v. Albright*, Civil Action 09-0600-WS-C (S.D. Ala. May 11, 2010).

laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The Court also notes that, in *Maleng v. Cook*, 490 U.S. 488 (1989), the Supreme Court stated that it had "never held [] that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction was **fully expired** at the time his petition is filed." *Maleng*, 490 U.S. at 491 (emphasis in original). The Court, in fleshing out its opinion, stated that it had never extended habeas relief "to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id.* at 492.

Respondent has asserted that although Jones was in custody at the time she filed this action, it was for her stalking conviction and was not related to her civil commitment (Doc. 28, p. 6). This argument would seem to be supported by the recommendation entered by United States Magistrate Judge in Jones's habeas petition alluded to in footnote one. *See Jones v. Albright*, Civil Action 09-0600-WS-C (S.D. Ala. April 15, 2010) (Doc. 32 at pp. 10-11). Petitioner has offered no evidence or argument otherwise.

It appears from the record that the facts of this case fall squarely within the guidance of *Maleng*. Petitioner filed her petition seeking relief from a commitment in which the commitment has fully expired. Jones has made no allegations

4

suggesting that she is still being restrained by the State because of this particular commitment. Therefore, she is not in custody—and was not in custody at the time she filed this action—for purposes of 28 U.S.C. § 2254. Therefore, it is recommended that the petition be dismissed on the ground that it states no cognizable claim.

Respondent also argues that this action should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 28, pp. 6-9). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner was civilly committed on August 23, 1996. Under Alabama statutory law, she had five days to appeal that

5

commitment. Ala. Code § 22-52-15. That date would have been Wednesday August 28, 1996. Under AEDPA, she would have had one year after that date, until August 28, 1997, to have filed this action. This petition was filed on April 15, 2009. This petition comes more than eleven years too late.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year limitations period and filed in violation of 28 U.S.C. § 2244(d). The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as Jones is not in custody, as required by statute, and because this action is time-barred under AEDPA. It is further recommended that judgment be entered in favor of Respondent Frank Albright and against Petitioner Beverly Jo Jones pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final

6

order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Furthermore, when the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would

7

find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Inasmuch as Jones is time-barred under AEDPA, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Jones should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Furthermore, as the Court has found that Jones has failed to demonstrate that she was in custody pursuant to her civil commitment, as required in § 2254, she "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is suggested that Jones will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that Petitioner is not entitled to a

certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

9

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 5th day of October, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE